**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Corey William Brown, Appellant.

Appellate Case No. 2015-000094

---

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-504
Submitted November 1, 2016 – Filed December 7, 2016

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006) ("In criminal cases, an appellate court sits to review errors of law only."); *State v.*

*Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Taylor*, 401 S.C. 104, 108, 736 S.E.2d 663, 665 (2013) ("A trial court's Fourth Amendment suppression ruling must be affirmed if supported by any evidence, and an appellate court may reverse only when there is clear error."); U.S. Const. amend. IV (guaranteeing "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures"); *State v. Weaver*, 374 S.C. 313, 319, 649 S.E.2d 479, 482 (2007) ("Generally, a warrantless search is *per se* unreasonable and violates the Fourth Amendment prohibition against unreasonable searches and seizures."); *Robinson v. State*, 407 S.C. 169, 185, 754 S.E.2d 862, 870 (2014) (providing a warrantless search may be proper under the stop and frisk exception to the warrant requirement);  *Terry v. Ohio*, 392 U.S. 1, 30 (1968) ("[W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous . . .  and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him."); *id.* at 27 (providing when determining whether a suspect is armed and dangerous, "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger"); *Banda,* 371 S.C. at 253, 639 S.E.2d at 40 ("This Court has recognized that because of the 'indisputable nexus between drugs and guns,' where an officer has reasonable suspicion that drugs are present in a vehicle lawfully stopped, there is an appropriate level of suspicion of criminal activity and apprehension of danger to justify a frisk of both the driver and the passenger in the absence of other factors alleviating the officer's safety concerns." (quoting *State v. Butler*, 353 S.C. 383, 391, 577 S.E.2d 498, 502 (Ct. App. 2003))).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.